# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC GREENE, | CASE NO.   1:09-cv-1951-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| FERNANDO GONZALES, | (ECF No. 1) |
| Defendant. | CLERK SHALL CLOSE THE CASE |

## **SCREENING ORDER**

Plaintiff Cedric Greene is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated the action by filing a complaint in the Sacramento Division of this Court on May 20, 2009. (ECF No. 1.) The case was transferred to the Fresno Division on November 5, 2009 and assigned to the undersigned April 16, 2010. (ECF Nos. 6 & 9.) Plaintiff has consented to the undersigned handling all aspects of this case. (ECF No. 8.)

**I.    SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusion are not.  Iqbal, 129 S.Ct. at 1949.

## II.  PLAINTIFF'S CLAIM

Plaintiff claims that he was wrongfully held in prison for twenty-one days past his release date by Defendant Fernando Gonzalez, Warden of the California Correctional Institution at Tehachapi. (ECF No. 1.)  Plaintiff seeks damages in the amount of $25,000 for the extra time he spent in prison.  Though Plaintiff was not imprisoned when this case was filed, his Complaint is filed on a form the Court provided to prisoners to use to seek relief for constitutional violations pursuant to 42 U.S.C. § 1983.  Thus, the Court construes Plaintiff's Complaint as alleging that holding him in prison beyond his release date violated his constitutional rights and entitles him to money damages under 42 U.S.C. § 1983.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that:  (1) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985).

When a person confined by the state is challenging the very fact or duration of his physical imprisonment and the relief sought will determine that he is or was entitled to a speedier release from  imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  The United States Supreme Court has held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged,

invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487(1994). "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."[1] Id. at 489.

In this case, Plaintiff alleges he was held past his proper release date. A decision favorable to him would necessarily call into question the propriety of the length of his incarceration. Nothing in the record suggests Plaintiff has pursued habeas relief and/or had his prior conviction or sentence of incarceration reversed, expunged, invalidated, or impugned through a writ of habeas corpus. Thus, Plaintiff's claims in this case are barred by Heck. Plaintiff fails to state a claim upon which relief can be granted.

Although the Court generally allows plaintiffs the opportunity to amend pleadings to address deficiencies noted by the Court during screening, amendment here would be futile for the reasons stated above unless and until Plaintiff first seeks and obtains habeas corpus relief.

### III.  CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint be dismissed for failure to state a claim upon which relief could be granted;

2. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   November 3, 2010            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The fact that Plaintiff is no longer in custody, and therefore unable to pursue habeas relief, does not exempt him from Heck's bar. Guerrero v. Gates, 442 F.3d 697, 704 (9th Cir. 2006).